IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 20-cv-01035-RM-NYW

REYNALDO SUAVERDEZ, on behalf of
himself and all similarly situated persons,

    Plaintiff,

v.

CIRCLE K STORES, INC.,

    Defendant.

---

# ORDER

---

Defendant removed this action to this Court based on diversity jurisdiction under 28 U.S.C. § 1332(a)(1). (ECF No. 1.) At that time, the operative complaint alleged two putative class action state law claims.[1] Subsequently, the complaint was amended ("First Amended Complaint") to add two individual claims under the American with Disabilities Act ("ADA"). (ECF No. 42.) The parties now seek to do two things:

(1) In their "Joint Motion for Approval of Stipulated Partial Dismissal under Fed. R. Civ. P. 41(a)(1)(A)(ii)" (ECF No. 55), they seek to dismiss the two ADA claims; and

(2) In their "Joint Motion for Preliminary Approval of Class Action Settlement" (ECF No. 51), they seek, for purposes of settlement only, to certify a Rule 23 class of certain hourly employees of Defendant's Colorado stores and for preliminary

---

[1] The claims were based on violation of the Colorado Wage Claim Act and violation of the Colorado Minimum Wage Act.

approval of a proposed $3.5 million settlement.

At this time, the action has not been certified as a class action. With this background, the Court examines whether to dismiss the two federal claims and whether it has subject matter jurisdiction.

***Dismissal of Federal Claims under Fed. R. Civ. P. 41(a)(1)(A)(ii).*** The parties seek to stipulate to the dismissal of the two federal claims, requesting the Court's approval to do so. If the parties' stipulation met the requirements of Rule 41(a)(1)(A)(ii), it would require no court approval because it is self-executing. But the stipulation does not because it seeks to dismiss two of four claims against a single defendant. *See Gobbo Farms & Orchards v. Pool Chem. Co.*, 81 F.3d 122, 123 (10th Cir. 1996) (Rule 41 "speaks of dismissal of an action, not just a claim within an action. [Plaintiff] offers no authority, and we have found none, to support its contention that Rule 41(a) applies to dismissal of less than all claims in an action."); *Van Leeuwen v. Bank of Am., N.A.*, 304 F.R.D. 691, 692–97 (D. Utah 2015) (distinguishing *Gobbo Farms* and finding that, while Rule 41(a) does not permit dismissal of fewer than all claims against any single defendant, Rule 41(a) does permit dismissal of all claims against one of multiple defendants). Thus, the parties must seek approval from the Court. But, before the Court decides whether to grant approval, it finds it should address whether it has subject matter jurisdiction to do so.

***Subject Matter Jurisdiction and the Proposed Class Action Settlement.*** The Court raises, *sua sponte*, whether it has subject matter jurisdiction. *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1276 (10th Cir. 2001) (A federal court has an independent obligation to examine its own jurisdiction at every stage of the proceeding.).

This action was removed based on diversity jurisdiction between Plaintiff and Defendant

under 28 U.S.C. § 1332(a)(1), but the Court questions whether this was sufficient as the complaint was a putative class action. Plaintiff had alleged there are more than 100 members in the proposed class but nothing more which would support federal court jurisdiction.[2] *See* 28 U.S.C. §§ 1332(d) & 1453. Next, the Amended Complaint was filed alleging subject matter jurisdiction under 28 U.S.C. § 1331 (federal question), which would no longer be applicable with the dismissal of the ADA claims; under 28 U.S.C. § 1332(a)(1) which, as stated, appears to be insufficient; and under 28 U.S.C. § 1367(c) (supplemental jurisdiction) which appears to be inapplicable because this is a putative class action over wages and it is questionable that the class action state law wage claims "are so related to claims in the action within such original jurisdiction [i.e., Plaintiff's individual ADA claims] that they form part of the same case or controversy under Article III of the United States Constitution." Thus, it appears these papers fail to sufficiently show subject matter jurisdiction exists.

Class actions are governed by 28 U.S.C. § 1332(d), but the Court was unable to locate any discussion of this section by the parties. Under Section 1332(d)(2)(A), "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which – (A) any member of a class of plaintiffs is a citizen of a State different from any defendant…." In addition, the number of members of all proposed plaintiff classes in the aggregate must be at least 100. 28 U.S.C. § 1332(d)(5). This requirement – more than 100 members – is alleged in the original complaint and First Amended Complaints.[3] Neither the original complaint nor the First Amended Complaint, however, contains allegations to indicate or support that the value of the

---

[2] Complaint, ECF No. 6 at ¶ 12(a).
[3] First Amended Complaint, ECF No. 42 at ¶ 46(a).

class claims exceed $5 million, and the proposed settlement undisputedly does not support the claims have such a value. It is therefore unclear to the Court that subject matter jurisdiction existed at the time of removal and exists today. Accordingly, it is **ORDERED**

(1) That, on or before **Friday, May 7, 2021**, the parties shall **SHOW CAUSE** why this action should not be remanded from where it was removed due to the Court's lack of subject matter jurisdiction; and

(2) That this action, including the Joint Motion for Preliminary Approval of Class Action Settlement (ECF No. 51) and the Joint Motion for Approval of Stipulated Partial Dismissal under Fed. R. Civ. P. 41(a)(1)(A)(ii) (ECF No. 55), is **STAYED** pending a determination of this Court's subject matter jurisdiction.

DATED this 29th day of April, 2021.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge