# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Civil Action No. 20-cv-01035-RM-NYW

REYNALDO SUAVERDEZ, on behalf of
himself and all similarly situated persons,

    Plaintiff,

v.

CIRCLE K STORES, INC.,

    Defendant.

___

# ORDER DISCHARGING
# ORDER TO SHOW CAUSE
___

    This is a putative class action. On April 29, 2021, the Court ordered the parties to show cause why this action should not be remanded from where it was removed due to the Court's lack of subject matter jurisdiction. (ECF No. 56.) In various filings the parties had alleged that subject matter jurisdiction exists under 28 U.S.C. §§ 1332(a)(1) (diversity), 1331 (federal question), and/or 1367(c) (supplemental). The Court found these filings and allegations were insufficient and questioned whether 28 U.S.C. § 1332(d), which governs class actions, may apply. The record before the Court was insufficient to show that it did.

    The parties have filed a Joint Response to the order to show cause, with a supporting affidavit as to the amount in controversy. The Joint Response asserts the parties have now shown that subject matter jurisdiction exists under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). The Court agrees. The Joint Response, coupled with the court record, shows that this is a putative class action in which (1) one or more members of the proposed class is a citizen of a

State different from Defendant; (2) there are at least 100 members of the proposed plaintiff class; and (3) the amount in controversy exceeds the sum or value of $5 million, exclusive of interests and costs, in light of the claims made and damages model. *See Hammond v. Stamps.com, Inc.*, 844 F.3d 909, 912 (10th Cir. 2016) ("[T]he term [in controversy] has required a party seeking federal jurisdiction to show only and much more modestly that 'a fact finder *might* legally conclude' that damages exceed the statutory amount….As the Supreme Court has explained, to justify dismissal under this standard 'it must appear to a legal certainty that the claim is really for less than the jurisdictional amount.'" (citations omitted) (italics in original)); *McPhail v. Deere & Co.,* 529 F.3d 947, 955-957 (10th Cir. 2008) (identifying methods by which the amount in controversy may be shown, including through affidavits). Accordingly, the Court finds that it has subject matter jurisdiction over this matter. It is therefore **ORDERED**

(1) That the Order to show cause (ECF No. 56) is DISCHARGED; and

(2) That the STAY entered on April 29, 2021 is hereby LIFTED.

DATED this 17th day of May, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge